**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   LANCEWELL KENDALL,                          No. C05-03179 MJJ

12          Plaintiff,                           **ORDER GRANTING PLAINTIFF'S**
                                                 **MOTION TO REMAND ACTION TO**
13    v.                                         **STATE COURT**

14   UNITED PARCEL SERVICE INC,

15          Defendant.
                                           /

16

17                               **INTRODUCTION**

18          Before the Court is plaintiff Lancewell Kendall's ("Plaintiff") Motion to Remand Action to

19   State Court.  The motion is opposed by defendants United Parcel Service, Inc. ("UPS"), Frank

20   Leong, Ron Meyer, and unnamed defendants ("Defendants").  For the following reasons, the Court

21   **GRANTS** Plaintiff's Motion to Remand Action to State Court.

22

23                            **FACTUAL BACKGROUND**

24          On January 26, 2005, Plaintiff filed his complaint in the State Superior Court for San Mateo

25   County.  Plaintiff's complaint asserted causes of action for race discrimination, age discrimination,

26   retaliation, and for violation of public policy which allegedly occurred while Plaintiff was employed

27   by UPS.  According to Plaintiff's allegations, defendants Frank Leong ("Leong") and Ron Meyer

28   ("Meyer") supervised Plaintiff during his employment at UPS.  Plaintiff, and defendants Leong, and

     Meyer are all residents of California.

1    Plaintiff's case was consolidated with six other similar cases which were also filed in the

2  same court.  On April 2005, the parties proceeded forward with their state action, holding a case

3  management conference before the San Mateo County Superior Court.  The parties began discovery

4  in April 2005 and commenced depositions at that time.   Plaintiff's deposition was taken on April 14,

5  2005, May 23, 2005, June 14, 2005, and July 7, 2005.

6    On August 8, 2005, Defendants filed their Notice of Removal to Federal Court in the

7  Northern District of California.  Defendants basis for removal to the Court was diversity jurisdiction

8  under 28 U.S.C. § 1332.  The case was removed to the U.S. District Court for the Northern District

9  of California.

10    On September 6, 2005, Plaintiff filed the instant Motion to Remand Action to State Court.

11

12                                **LEGAL STANDARD**

13    A party can remove a case to federal court only if the case could have been brought in federal

14  court originally.  28 U.S.C. § 1441(a).  Federal diversity jurisdiction requires both complete

15  diversity of the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).

16    The party seeking removal bears the burden of showing the propriety of removal. *Emrich v.*

17  *Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  There is a strong presumption against the

18  assumption of removal jurisdiction by federal courts. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

19  1992).  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of

20  removal. *Id.*

21    Fraudulent joinder is a term of art, and does not imply actual improper conduct on the part of

22  either party. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see, also, AIDS*

23  *Counseling & Testing Centers v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir. 1990).  "If

24  the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

25  according to the settled rules of the state, the joinder of the resident defendant is fraudulent."

26  *McCabe* at 1339.

27    In this district, a court determining whether joinder was fraudulent must examine whether

28  there is any possibility that the plaintiff will be able to establish a cause of action against the party in

United States District Court
For the Northern District of California

2

United States District Court

For the Northern District of California

question. *Bellecci v. GTE Sprint Communs. Corp.*, 2003 U.S. Dist. LEXIS 640, 9-10 (N.D. Cal. 2003).  There is a strong presumption against a finding of fraudulent joinder, and the removing defendant bears a heavy burden of persuasion to justify such a finding. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, 1195 (9th Cir. 1988).  A defendant will be deemed to be fraudulently joined only if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Id.*  (quoting *Soo v. UPS,* 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999)).  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." *Cont'l Ins. Co.,* 2002 U.S. Dist. LEXIS 20523. (N.D. Cal. 2002).  In determining whether a non-diverse defendant has been improperly joined, federal courts in the Ninth Circuit may look beyond the pleadings and examine the factual record. *McCabe*, 811 F.2d at 1339.

## ANALYSIS

### I.      Diversity of Citizenship

A case falls within a federal district court's diversity jurisdiction "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (U.S. 1998).  Plaintiffs argue that Defendants' removal was improper, as there was not complete diversity among the parties.  Defendants do not contest that Plaintiff is a California resident, and that defendants Leong and Meyer are also California residents.  On the face of the pleadings, therefore, there is not complete diversity between Plaintiff and Defendants, and as such, the court would appear to have no subject matter jurisdiction over this case.  However, Defendants contend that defendants Leong and Meyer are actually "sham" or "fraudulent" defendants, whose sole purpose in being joined as defendants was to defeat diversity.  A court does not consider fraudulently joined defendants when determining diversity. *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir., 2002).  Therefore, Defendants argue, if Leong and Meyers have been fraudulently joined, then there actually is complete diversity, as Plaintiff and UPS are citizens of different states.

3

**United States District Court**
For the Northern District of California

1    Defendants bear a heavy burden establishing fraudulent joinder in the instant motion, and can

2  only prevail if there is no possibility that Plaintiffs can state a claim against Leong and Meyer. *Cont'l*

3  *Ins. Co. at* 20523.  Defendants first argue that Plaintiff cannot state a claim for retaliation in

4  violation of the Fair Employment and Housing Act ("FEHA") against Leong and Meyer.  As support

5  for this, Defendants cite an excerpt from Plaintiff's July 7, 2005 deposition, in which Plaintiff

6  testified:

7

8      Q: Other than UPS talking to you about your job and telling you that you weren't doing
       things right, how else do you feel that UPS retaliated against you?
9      A: That's it.
       Q: Who talked to you?
10     A: Mainly it was Pedro [Gamarra], you know, okay?
       Q: Anybody else?
11     A: At the time, no.
       Q: What was Pedro talking to you that you felt was retaliation?
12     A: Telling me I wasn't dong things right.

13     From this, and similar excerpts of Plaintiffs' deposition testimony, Defendants would like the

14  Court to conclude that Plaintiff has conceded that Leong and Meyer did not participate at all in the

15  allegedly retaliatory conduct.  Defendants' argument is far from persuasive.   The Court is permitted

16  to pierce the pleadings and examine the discovered facts to determine fraudulent joinder. *McCabe*,

17  811 F.2d at 1339.  Even a liberal interpretation of Plaintiff's testimony falls fall short of the standard

18  articulated in *Cont'l Ins. Co.*  Far from establishing that Plaintiff has no possibility of stating a claim

19  against Leong and Meyer, the excerpts of testimony submitted merely speak to Plaintiff's

20  relationship with a third party.  Plaintiff's statement that he was retaliated against primarily by Pedro

21  Gamarra hardly establishes that Plaintiff does not also have claims against Leong and Meyers.[1]

22  Moreover, the record fairly construed does not support Defendants' assertion that there is no

23  possibility that Plaintiff state a claim against Leong and Meyer. (*See* Declaration of Leslie D. Ellis in

24

25

26  [1]Defendants also argue that Plaintiff's allegations are speculative as to whether Leong and Meyer were responsible for the retaliatory conduct.  Defendants argue that Plaintiff does not have enough personal knowledge to back up his claim.
27  Under the notice pleading requirement of Fed. Rule Civ. Proc. 8(a), Plaintiff need only make a short and plain statement of the allegation, and there is no requirement that a plaintiff know the entire factual basis supporting his claim.. *Swierkiewicz v. Sorema* N.A., 534 U.S. 506 (U.S. 2002).  It is through the discovery process that a plaintiff can unearth the relevant facts
28  to support his claim. *Id.* at 512.  The plaintiff needn't know all of the supporting facts at the outset of his case. *Sagana v. Tenorio,* 384 F.3d 731, 736-37 (9th Cir. 2004).

4

1  Support of Opposition to Motion to Remand, Exhibits A, D; Declaration of Randall M. Widmann in

2  Support of Plaintiff's Motion to Remand Action to State Court, Exhibits A, D, F, G, H).

3      Defendants also argue that Plaintiffs claims of retaliation are duplicative of his

4  discrimination claims.  Again, Defendants rely on excerpts from Plaintiff's deposition testimony.

5  Defendants argue that because Plaintiff  used the terms "discrimination" and "retaliation" loosely in

6  his testimony, that this establishes that his claims for retaliation and discrimination are actually the

7  same claim asserted twice. "Employees often do not speak with the clarity or precision of lawyers."

8  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1047 (Cal. 2005) (quoting *Booker v. Brown &*

9  *Williamson Tobacco Co.* (6th Cir. 1989) 879 F.2d 1304, 1313-1314)).  The mere fact that Plaintiff, a

10  lay person,  did not precisely distinguish between claims of retaliation and discrimination in his

11  deposition testimony hardly establishes that his causes of action are duplicative.

12      Finally, Defendants argue that Plaintiff's retaliation claim is a insufficient because he did not

13  allege that he engaged in cognizable protected activity under the FEHA.   Cal. Gov. Code §

14  12940(h) provides in part, "It shall be an unlawful employment practice...[f]or any employer...to

15  discharge, expel, or otherwise discriminate against any person because the person has opposed any

16  practices forbidden under this part or because the person has filed a complaint, testified, or assisted

17  in any proceeding under this part."  Defendants argue that Plaintiff never complained as required by

18  the statute, and therefore cannot state a claim for retaliation under FEHA.  To support this,

19  Defendants again rely on a excerpt of Plaintiff's testimony:

20      Q: Have you complained to anybody about being discriminated against because of your age
       and race?
21      A: I didn't complain to anyone at UPS. No, I didn't.
       Q: Anybody else?
22      A: No.

23      Again, such an excerpt of testimony, removed from its context, is far from conclusive

24  evidence that Plaintiff never complained as required by FEHA.  To the contrary, Plaintiff

25  specifically argues in his pleadings and opposing papers that he did complain to his superiors and

26  that he was retaliated against for this.  In light of the favorable standard through which this court

27  must view Plaintiff's facts in this motion, Defendants' argument fails to meet the burden of

28

United States District Court

For the Northern District of California

5

**United States District Court**
For the Northern District of California

1   establishing Plaintiff could not state his claim under FEHA.[2]

2

3

4                                    **CONCLUSION**

5          There is a strong presumption against removal to federal courts. *Gaus at* 566.  Removal

6   premised upon fraudulent joinder carries with it a especially high burden on the part of the

7   defendant. *Bellecci at* 8-9.[3]  Defendants have failed to meet their heavy burden in demonstrating that

8   Plaintiff can sustain no cause of action against Leong and Meyers.  Because this order finds that

9   Plaintiff's joinder of individual non-diverse defendants Leong and Meyers was not fraudulent, the

10  parties in this suit are not completely diverse. Accordingly, this case must be remanded to state

11  court.

12         For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, and orders this

13  case **REMANDED** to the Superior Court of the State of California in and for the County of San

14  Mateo. The clerk is directed to terminate any pending matters and to close the file.

15

16  **IT IS SO ORDERED.**

17

18

19  Dated: October 31, 2005

20                                        MARTIN J. JENKINS
                                          UNITED STATES DISTRICT JUDGE

21

22

23

24
    _____

25         [2] Defendants also argue that Plaintiff's complaints are mere "workplace gripes", and as such do not rise to the level
    of FEHA protected discrimination.  As stated above,, Plaintiff need not plead all supporting facts to support a claim of
    retaliation. It is sufficient that Plaintiff has alleged facts in his pleading to support his allegation. The Court is therefore, not
26  persuaded by Defendants' argument.

27         [3]The parties in the instant case have already proceeded considerably before another court.  Removal "late in the
    proceedings may result in substantial delay and disruption." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 (3d Cir.
28  2003) (quoting H.R. Rep. No. 100-889, at 72). Here the parties have already taken depositions and have appeared before
    a court which is familiar with the case.